### William Lamb, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review as against the evidence where the Appellate Court is of the opinion that it is clearly and manifestly against the weight thereof.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

SHAEFER, FARMER & KRUGER, for appellant.

G. C. BORDERS and F. C. SMITH, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This is a suit brought by appellee against appellant for an injury appellee claims to have received while he was alighting from a car, which he alleges appellant was possessed of and operating.

It appears that appellee boarded the car in question in Madison, with a view of going to East St. Louis, but instead of leaving the car in East St. Louis, the point of his destination, he remained on same until the car was on the approach of what is known as the Eads Bridge, across the Mississippi River, at which time, in alighting from the car, he received the injury complained of. Appellee obtained a verdict for $850, and

a *remittitur* of $350 was entered by appellee, and judg-
ment rendered for $500 against the appellant, from
which this appeal is prosecuted.

The declaration in this case contains four counts;
in the first count appellee alleges that he was attempt-
ing to alight from the car at the bridge approach. In
the second count he alleges that appellant negligently
and carelessly put him off the car in question on the
viaduct in a dangerous and unsafe place. In the third
count appellee alleges that the appellant negligently
and carelessly ordered the appellee to alight from the
car in question upon said viaduct in a dangerous and
unsafe place. In the fourth count appellee alleges that
appellant negligently cast, expelled and ordered, with
force and violence, the appellee, to alight from the car
on said viaduct in a dangerous and unsafe place.

From an examination of the evidence, as disclosed
by the record, it is apparent that the injury to the ap-
pellee took place on the east approach to Eads Bridge,
as testified to by the witnesses on the part of the ap-
pellant.

It further appears that at the place where the ap-
pellee got off the car on the east approach of Eads
Bridge, it was dangerous to alight while the car was
in motion for the reason that there was but a small
space, namely, about twenty inches between the steps
of the car and the fence of the bridge approach. It
appears from the testimony of appellee himself, and
two of his witnesses, that he alighted on the top of the
bridge where it was not a dangerous place, as there
was a space of perhaps twenty to thirty feet between
the east and west-bound street railway tracks; the
ticket collector and other employes who were on the
top of the bridge, where the ticket seller and ticket
collector's office is located, testify that no such injury
as complained of by the appellee happened on top of
the bridge, the place as testified to by appellee and his
witnesses.

From an examination of the testimony in the record

herein, appellee testified that when he went to get off the car he turned around and a wagon ran over his foot; that he did not fall down; that the wagon ran over his foot while standing, and that he didn't fall on the bridge while standing.

Fred Smith, a witness for appellee, testified that appellee fell down, clear down to the floor; that he fell backward; that he fell flat on the bridge and "kind of rolled as he fell;" that is, that he fell on his back, and then rolled over on his breast side to get up.

Edward Bresser, who claims to have been another eye witness of appellee to the transaction in question, says that the conductor put his hand on appellee's breast and pushed him off and he fell flat on the bridge, and that as he got up he saw him limping.

Under the evidence of appellee and of his two witnesses, who claim to have been eye witnesses to the accident, there appears to be an irreconcilable conflict. This in connection with the other facts and the testimony of the witnesses of appellant to the effect that the injury sustained did not happen at the place where appellee and his witnesses claim that it did happen, leads us to believe that we are not authorized to sustain the finding of the jury in this case.

We are clearly of the opinion that the verdict of the jury was contrary to the weight of the evidence, and being of that mind, the case is reversed and remanded.

*Reversed and remanded.*